UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Shanitra Lockett,

        Plaintiff,       23-cv-9138

    -against-        **OPINION & ORDER**

City of Mount Vernon,
        Defendant.
-----------------------------------------------------------------X

**VICTORIA REZNIK, United States Magistrate Judge:**

  Before the Court is the parties' joint letter about the production of Defendant's investigatory report, which was withheld based on attorney-client privilege and the work-product doctrine.[1] Plaintiff asks that the Court compel Defendant to produce this investigatory report, which allegedly formed part of the basis of Plaintiff's termination. (ECF No. 26 at 1). For the reasons below, the Court GRANTS Plaintiff's request.

## Background

  Plaintiff is a former Assistant Corporation Counsel for Defendant, the City of Mount Vernon. (ECF No. 1 at 2). In the fall of 2021, Defendant hired outside counsel to investigate Plaintiff's and another employee's allegedly improper involvement in an executive meeting. (ECF No. 26 at 1). As part of the investigation, outside counsel conducted interviews with employees and prepared

---

[1] Although the parties refer to the report being withheld based on attorney-client privilege, they also argue about whether it was drafted in anticipation of litigation. Yet, those arguments relate more directly to the work-product doctrine, not attorney-client privilege. The Court addresses both.

an investigatory report. (*Id.* at 2). On July 6, 2022, Defendant terminated Plaintiff's employment after she returned from a 30-day unpaid suspension. (*Id.* at 1). Notably, Defendant admits that it relied on this investigation, at least in part, to support its decision to terminate Plaintiff. Indeed, Defendant already produced a version of the investigatory report, which it refers to as the Summary of Findings, which was shared with Defendant's Corporation Counsel before Plaintiff's termination. Plaintiff later filed this lawsuit against Defendant, challenging her termination, alleging various state and federal claims of discrimination based on sex, pregnancy, and retaliation. (*Id.*).

As noted above, Plaintiff seeks to compel Defendant to produce the investigatory report prepared by Defendant's outside counsel, which Defendant has withheld as privileged. According to Plaintiff, this report deserves no such protection as it was not providing or soliciting legal advice, was not prepared in anticipation of litigation, and is being put at issue by Defendant, who relies on the report's findings to support its defense. (ECF No. 26 at 1).

For its part, Defendant distinguishes between a Memo to File drafted on November 11, 2021, which is the document at issue, and an eight-page Summary of Findings, which was both provided to Defendant's Corporation Counsel and disclosed to Plaintiff. (*Id.* at 2). Defendant argues that the disputed document should enjoy the attorney-client privilege protection because it was not provided to Defendant—and therefore could not be relied on in making an employment

2

decision—and that it was ultimately made in anticipation of litigation because it was drafted after they learned counsel represented Plaintiff. (*Id.*)

After reviewing the documents *in camera*, the Court finds that the disputed "Memo to File" drafted on November 11, 2021, and its attachments should be produced but in partially redacted form – as explained more fully below.

## Discussion

Ordinarily, "notes [that] memorialize the giving of information to the lawyer to enable him to give sound and informed advice [are] protected from disclosure by [the] attorney-client privilege." *Martinez v. Kleinfeld Bridal Corp.*, No. 16-CV-348 (RA) (JLC), 2017 WL 2859941, at *2 (S.D.N.Y. June 30, 2017) (quoting *Upjohn Co. v. United States,* 449 U.S. 383, 384 (1981)) (internal quotations omitted). Here, outside counsel investigated Plaintiff and drafted the disputed report to provide legal advice, which ultimately led to Plaintiff's termination. Indeed, that same law firm currently represents Defendant in this case. As part of the investigation, outside counsel conducted witness interviews with employees, which were attached as interview notes to the disputed report. And as in *Upjohn*, the witness interviews involved Defendant employees speaking with counsel for Defendant to secure legal advice from counsel about what happened and what Defendant should do about it. The communications from those employees concerned matters within the employees' duties, and they were made aware that they were being questioned so that the corporation could obtain legal advice. Notably, each witness interview stated that the *Upjohn* warning was given before the interview was conducted, bolstering this

3

conclusion. Although one could argue that the investigation was done to decide what employment decision to take—which would be a business rather than a legal decision—the investigative report and accompanying notes memorialize the type of information meant to "enable [a lawyer] to give sound and informed advice" as contemplated and covered by the attorney-client privilege. *Martinez*, 2017 WL 2859941, at *2.

But Defendant's decision to produce a version of the investigatory report (the Summary of Findings) and rely on it as part of their defense changes the calculus. *In re Kidder Peabody Sec. Litig.*, 168 F.R.D. 459, 469 (S.D.N.Y. 1996) (noting that "the scope of any waiver by virtue of disclosure [is] to be defined by the so-called fairness doctrine, which aim[s] to prevent prejudice to a party and distortion of the judicial process that may be caused by the privilege-holder's selective disclosure during litigation of otherwise privileged information") (internal quotations and citation omitted). The first seven pages of the disputed Memo to File are nearly verbatim to what Defendant already produced to Plaintiff. So the Court sees no basis to withhold that portion of the document. The balance of the withheld Memo to File attaches summaries of the interviews identified in the summary itself. Although Defendant argues that the disputed Memo to File was not shared with Defendant—and therefore could not be the basis for any decision they made—this argument is disingenuous.[2] The Summary of Findings that Defendant produced to

---

[2] Defendant also argues that the Memo to File (with its attached interview notes) is protected work product because it was drafted by outside counsel after they learned that Plaintiff hired her own

Plaintiff—which, as mentioned above, is nearly verbatim to the Memo to File that was withheld—relies on and refers to the statements made by witnesses during their interviews with outside counsel. So any reliance on the produced memo necessarily implicates reliance on the underlying interviews conducted by outside counsel. *Kidder Peabody*, 168 F.R.D. at 470 (finding that "[d]isclosure of the substance of a privileged communication is as effective a waiver as a direct quotation since it reveals the substance of the statement") (internal quotations omitted).[3] Thus, Defendant disclosed the "substance" of the statements made by the employees during their interviews with outside counsel in the produced Summary of Findings, which serves as a waiver of the factual portions of those interview notes.

Even so, the Court recognizes that some portions of the witness interview notes attached to the Memo to File include attorney mental impressions or analyses, such as investigative next steps and the like. Those portions of the notes should be redacted. *Kidder Peabody*, 168 F.R.D. at 473 (limiting privilege waiver to "factual summaries of witness statements" to "avoid any danger that waiver might encompass core attorney mental processes").

---

counsel. (ECF No. 26 at 2). But the same can be said about the Summary of Findings (dated *after* the Memo to File) that Defendant chose to produce. (*Id.*).

[3] *See also Kidder Peabody*, 168 F.R.D. at 473 (concluding that defendant's "affirmative use of the [] report, and by implication, of the underlying interview documents, triggers a waiver of the privilege for those portions of the documents that embody the substance of any statements by [defendant's] employees interviewed…prior to the issuance of its report").

## Conclusion

Defendants are therefore ORDERED to produce the disputed Memo to File and its attachments, which embody the substance of the statements made by Defendant employees interviewed by outside counsel before the issuance of the report. But the Court will allow Defendant to redact those portions of the interview notes that refer to attorney mental impressions or analysis.

**SO ORDERED.**

DATED:   White Plains, New York
         10/21/2024

_____
VICTORIA REZNIK
United States Magistrate Judge